RÍOS ET AL. *v.* RÍOS.

APPEAL from the District Court of Humacao.

No. 376.—Decided March 7, 1910.

APPEAL—TRANSCRIPT OF RECORD—DOCUMENTS WHICH SHOULD BE INCLUDED THEREIN.—The transcript of record on appeal from a final judgment should contain only such documents as are required by sections 229 and 233 of the Code of Civil Procedure.

ID.—STATEMENT OF THE CASE—FORM OF APPROVAL.—The approval by the judge of a bill of exceptions or statement of the case should be in the form of a certificate to the effect that the bill or statement is true and correct, and ordering that it be filed by the secretary and made a part of the record in accordance with section 216 of the Code of Civil Procedure.

ID.—TRANSCRIPT OF RECORD—DOCUMENTARY EVIDENCE.—It is an error to suppose that documentary evidence may be submitted to the consideration of this court by including a copy thereof in the transcript of the record. All the evidence introduced at the trial in the court below must be set out in a

statement of facts and verified by the trial judge, in order that this court
may consider the same as a part of the record.

Id.—Judgment Roll—Manner of Making Same.—The judgment roll should
be made complete notwithstanding the right granted by section 55 of the
rules of this court to remedy a failure so to do, where it appears that due
diligence has been exercised, if by an involuntary oversight some document
which is absolutely necessary has been omitted.

Id.—Defective Statement of the Case—Review of the Evidence.—All the evi-
dence not having been presented to this court in due form, it is impossible
to determine whether or not the trial judge erred, and it must be presumed
that the judgment conforms to the law and the facts and it must therefore
be affirmed.

The facts are stated in the opinion.

*Messrs. Vías Ochoteco and Ferrer* for appellant.

*Mr. Herminio Díaz Navarro* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

The complaint was definitely amended and it was substan-
tially alleged that the plaintiffs and the defendant each had a
half interest in the ownership of a number of estates situated
in the judicial district of Humacao; that the latter, with the
consent of the former, leased several of the estates owned in
common to certain persons and that the defendant has been
collecting the rentals since June 1, 1902, without paying the
plaintiffs their share.

These facts were denied in the answer of María Ríos, the
widow of Rubio, and the trial was had, at which documentary
evidence and the testimony of witnesses were presented.

On June 29, 1908, the judge of Humacao rendered judg-
ment holding "that the law and the facts are in favor of the
plaintiffs, and it is ordered that they recover from the defend-
ant one-half the rentals which she had collected, at the rate of
$215 per month for the lease of a number of estates which the
parties to this action held in common and undivided, and to
recover this sum from June 1, 1902, to April 17, 1906, the date
of the complaint, with legal interest on this sum until paid,
with the costs taxed at———against the defendant, and that
execution issue against her property for the satisfaction of
this judgment."

María Ríos, the widow of Rubio, the defendant, took an appeal to this Supreme Court.

This is really an unfortunate appeal because the judgment roll was presented in an incomplete form and was then gradually completed at intervals of more or less duration. So that it arrived in a mutilated condition and the parts to make up the same were afterwards presented one by one.

We find, therefore:

First. That the transcript of the record of an appeal taken from a final judgment must contain only the documents required by sections 299 and 233 of the Code of Civil Procedure.

(See also the case of *El Banco de Puerto Rico* v. *Olivieri y Sobrino,* 10 P. R. Rep., 37.)

The transcript in this case contains certain copies of documents which, as has been observed, do not belong in the place where they have been put.

Second. The approval of the judge to a bill of exceptions or statement of facts must be in the form of a certificate to the effect that it is true and correct, ordering that it be filed by the secretary and made a part of the record. (Section 216 of the Code of Civil Procedure.)

(See among other cases that of *Eurípides López* v. *American Railroad Co.,* 11 P. R. Rep., 148.)

At the end of this statement of facts the following only appears:

"This statement of facts is approved by me, Charles E. Foote, this 23d of January, 1909, to be used in the appeal in the civil case of *Petronila Ríos and José Toro Ríos* v. *María Ríos,* for the recovery of a certain sum of money and damages. Charles E. Foote, Judge, Humacao District Court."

Third. The statement of the case includes the testimony of the witnesses, the documentary evidence of the defendant and appellant being only briefly mentioned by title to the extent that it cannot be said to be duly identified. The documents which appear to have been presented as evidence are

included, as has been stated, in the transcript in the form of
isolated copies, and this Supreme Court has heretofore held:

"It is an error to assume that the documentary evidence can be
submitted to the consideration of this court by the inclusion of a
copy thereof in the transcript of the record. All the evidence pre-
sented at the trial in the inferior court must be embodied in a state-
ment of facts and verified by the approval of the trial judge, in
order that this court may consider it a part of the record." (See
the following cases: *Gutiérrez* v. *Bustelo* [15 P. R. Rep., 228], de-
cided April 20, 1909; *Dolores Julbe, widow of López*, v. *Julio D. Guz-
mán et al.* [15 P. R. Rep., 559], decided June 26, 1909.)

Fourth. There is a certificate issued by the Secretary of
the District Court of Humacao which appears at folio 104, to
the effect that the documents mentioned therein, which had
been presented in evidence by the plaintiffs and the defendant,
have been lost.

The questions involved in the four preceding numbers were
raised by counsel for the respondent.

We do not question the right of the appellant or respon-
dent to correct any omission which may be found in the tran-
script of the record, under the provisions of section 55 of the
Regulations of this court.

But it is not proper to submit a copy of the notice of ap-
peal to-day, another day, a copy of the judgment, another day,
an affidavit to the effect that notice of the latter has been
served on the adverse party, and, later, a certificate to the
effect that said judgment has been entered.

The entire judgment roll must be received complete, not-
withstanding the right to cure an omission in any case where,
the necessary diligence and care having been employed, some
document which the record must contain has been omitted
through an oversight.

Such being the case, it is evident that this ground alone
would not prevent us from entering upon a consideration on
its merits of the appeal pending before us. It is our purpose

again to call attention to the advisability of having the documents prepared in an orderly and complete manner.

With regard to the second ground, which relates to the form in which the statement of facts has been approved, it must be said that the latter does not strictly conform to the requirements of the law and the numerous cases decided by this Supreme Court wherein the manner is given in which the statement of facts must be approved in order that it should have the authenticity necessary for the reversal of a judgment in a proper case.

We might perhaps on this occasion accept the approval of the statement of facts on account of the special, although not entirely correct, form in which it is prepared, but we could never consider and decide the appeal on its merits for the reasons set forth in the third and fourth grounds.

Indeed, if the appellant has failed to include in the statement of facts the documentary evidence in such manner as to identify it and to permit the material and pertinent portion thereof to be known, thereby tending to the elucidation of the facts alleged, it is not possible to form a judgment thereon against the judgment of the trial court, which is the end sought by the appellant.

It is not sufficient that the copies of the documents should appear in the record, because in this form they lack the intervention of the respondents, and for this reason we can neither be certain of their authenticity nor of the fact that they were introduced as evidence at the trial and they also lack the sanction of the judge who, when he certified, approves, signs and orders that the statement of facts form part of the record, apprises us that the evidence described, and none other, is that which he considered to arrive at the judicial opinion determining the judgment now appealed from.

Moreover, it appears that documents have been mislaid which both parties had introduced as evidence, according to the certificate of the secretary of Humacao to which we have hereinbefore made reference. Nor are these documents de-

scribed in due form in the statement of facts, because in mentioning them their scope and significance as to their material parts are not stated.

There is no doubt that all the questions raised in this appeal are questions of fact which must be decided upon the evidence heard at the trial.

And as all such evidence has not been presented to this appellate court in due form, it is not possible to decide now whether or not the trial judge erred in weighing the same, wherefore we must assume that this judgment is supported by the facts and the law and must affirm it, with the costs of this appeal against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices McLeary, Wolf and del Toro concurred.